UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SHANNON BOYLE,

      Plaintiff,

v.

PATTI PERETTO, et al.,

      Defendants.

_____/

Case No.  2:25-cv-00223

Hon.  Jane M. Beckering
U.S. District Judge

# REPORT AND RECOMMENDATION

## I. Introduction

This Report and Recommendation (R. & R.) addresses Plaintiff's complaint and motion for discovery. (ECF No. 2.) *Pro Se* Plaintiff Shannon Boyle filed this lawsuit against five Iron County Commissioners: Patti Peretto, Pete Judd, Mark Stauber, Ean Bruette, and Jacob Conery.[1] Boyle alleges in his complaint that this Court has jurisdiction based on federal question jurisdiction. His statements regarding this Court's jurisdiction are shown below.

---

[1] Boyle has filed four other cases that fail to invoke this Court's subject matter jurisdiction and/or fail to state a claim upon which relief may be granted. *See Boyle v. CoVantage Credit Union*, W.D. Mich. Case No. 2:25-cv-158-PLM; *Boyle v. State of Michigan Child Protective Services*, W.D. Mich. Case No. 2:25-cv-161-RJJ; *Boyle v. Iron County Friend of the Court*, W.D. Mich. Case No. 2:25-cv-162-JMB; and *Boyle v. United States Attorney General,* W.D. Mich. Case No. 2:25-cv-173-PLM.

1

> What is the basis for federal court jurisdiction? *(check all that apply)*
> ☒ Federal question   ☐ Diversity of citizenship
>
> Fill out the paragraphs in this section that apply to this case.
>
> **A.   If the Basis for Jurisdiction Is a Federal Question**
>
> List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. EMBEZZLEMENT, MISAPPROPRIATE OF GOVERNMENT FUNDS, ILLEGAL LAW ENFORCEMENT, NEPOTISM, CONFLICT OF INTEREST, CHARGING FOR SERVICES NOT RENDERED, NOT ENFORCING BUILDING CODES AND LETTING POLICE DO WHATEVER THEY WANT ILLEGAL SEARCH AND SEIZURE

(ECF No. 1, PageID.4.)

His factual assertions are similarly brief:

> **III.   Statement of Claim**
>
> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed. EMBEZZLEMENT, MISAPPRIATION OF GOVERNMENT FUNDS LAW ENFORCEMENT ABUSE OF POWER, NEPOTISM IN GOVERNMENT, ILLEGAL SEARCH AND SEIZURE, NOT ENFORCING BUILDING CODES, NOT ABIDING IN FREEDOM OF INFORMATION ACT. SERVICES THAT WE PAY FOR BUT NOT RENDERED

(*Id.*, PageID.5.)

Boyle requests 50 Trillion dollars in damages.   (*Id.*)

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue *sua sponte*. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). This Court has original subject matter jurisdiction over actions that involve "federal questions" that arise under the Constitution, federal law, or treaties

of the United States. 28 U.S.C. § 1331. Ultimately, the plaintiff bears the burden of establishing that this Court has jurisdiction. *Peterson v. City of Grand Rapids*, 182 F. Supp. 3d 750, 753 (W.D. Mich. 2016) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996)).

As a starting point, Shannon Boyle has asserted no actionable claims in his complaint. The complaint, at best, is conclusory and speculative. Boyle raises no federal cause of action.

Also, Boyle has alleged no facts showing that he has standing to redress any claim, assuming one exists. For a plaintiff to invoke federal jurisdiction to bring suit in the federal courts, he must demonstrate standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992); *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004). Standing is central to the "case-or-controversy" requirement associated with Article III of the Constitution. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiff has the burden of demonstrating that he (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable decision. *Id.* An injury in fact is a harm suffered by a plaintiff that (1) concrete and particularized and (2) not conjectural or hypothetical. *Nader v. Blackwell*, 545 F.3d 459, 471 (6th Cir. 2008).

Traceability requires "a causal connection between the injury and the conduct complained of" and that the conduct not be a result of "the independent action of some third party." *Lujan*, 504 U.S. at 560. (internal quotation marks omitted). And for an injury to be redressable, it must be "likely, as opposed to merely speculative, that

3

the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks omitted).

Boyle's complaint identifies no claim that pertains to him. Boyle has failed to identify an injury in fact.

Boyle also requests to receive all "personal financials of Defendants and Iron County." (ECF No.2, PageID.7.) Boyle's request is improper. He has failed to make an appropriate discovery request that conforms to the Federal Rules of Civil Procedure.

## II. Recommendation

Accordingly, it is recommended that the Court dismiss this case for lack of subject matter jurisdiction. It is further recommended that the Court deny Boyle's discovery request because it is improper.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   November 25, 2025                          /s/ *Maarten Vermaat*
                                                    MAARTEN VERMAAT
                                                    U.S. MAGISTRATE JUDGE